# EXHIBIT A

Terance P. Perry, Esq.
DATSOPOULOS, MacDONALD & LIND, P.C.
201 West Main Street, Suite 201
Missoula, Montana 59802
Phone: (406) 728-0810
Fax: (406) 543-0134

Attorneys for Plaintiffs

F I L E D
DEBBIE HARMON, CLERK

DEC 2 3 2009

_____
DEPUTY

MONTANA TWENTY-FIRST JUDICIAL DISTRICT COURT, RAVALLI COUNTY

JAMES C. MURRAY and ALLISON B.
MURRAY, husband and wife;

        Plaintiffs,

vs.

HOWARD C. BRAND, JR.;

        Defendant.

Cause No. DV-09-691
Dept. No. 1

COMPLAINT AND DEMAND FOR
JURY TRIAL

### FACTS COMMON TO ALL COUNTS

1. Plaintiffs, James C. Murray and Allison B. Murray, husband and wife, are residents of the State of Montana with a principal place of residence in Ravalli County, Montana.

2. At all times relevant, Defendant, Howard C. Brand, Jr., was a resident of the State of Montana with a principal place of residence in Ravalli County.

3. On or about March 16, 2009, the Plaintiffs loaned the Defendant Seventy Thousand and No/100 Dollars ($70,000.00) in exchange for which loan said Defendant executed a Promissory Note in favor of Plaintiffs pursuant to the terms of which said Defendant agreed to pay Eighty-Five Thousand and No/100 Dollars ($85,000.00) to Plaintiffs within ninety (90) days, on or before June 14, 2009 (hereinafter "Note"). (see Exhibit "A" attached hereto and included by reference).

Complaint and Demand for Jury Trial                                        1

1   4. Pursuant to the terms of the Note, absent Defendant's repayment on or before June 14, 2009,

2      interest was to accrue at, "the rate of thirteen percent (13%) per annum, compounded

3      monthly, or the maximum legal rate, whichever is less." (see Exhibit "A").

4

5   5. Pursuant to the terms of the Note, the Defendant agreed that, "[I]f suit is brought to collect

6      this note, the payee shall be entitled to collect the expenses of collection and all costs and

7      expenses of the suit, including reasonable attorney's fees." (see Exhibit "A").

8   6. On or about March 16, 2009, Defendant also executed a Security Agreement in favor of

9      Plaintiffs pursuant to the terms of which said Defendant granted Plaintiffs a security interest

10      in eight (8) vehicles as collateral, as listed in Exhibit A to the Security Agreement, in order to

11      secure the Note (hereinafter "Security Agreement"). (see Exhibit "B" attached hereto and

12

13      included by reference).

14   7. Pursuant to the terms of the Security Agreement, the Defendant agreed that a security interest

15      is granted to the collateral listed in Exhibit A thereto. (see Exhibit "B").

16   8. As of October, 2009, in order to care for the collateral secured by the Security Agreement the

17      Plaintiffs arranged for storage and have been paying storage costs for five (5) of the vehicles

18      listed as collateral in the Security Agreement.

19

20   9. Pursuant to Section 5 of the Security Agreement, Plaintiffs may, in their discretion:

21           before or after default; terminate, require Debtor to give possession or control of the
            Collateral to Secured Party; indorse as Debtor's agent any instruments or chattel

22           paper in the Collateral; take any action Debtor is required to take or otherwise
            necessary to obtain, preserve, and enforce this security interest, and maintain and

23           preserve the Collateral, without notice to Debtor, and add costs of same to the
            Obligation (but Secured Party is under no duty to take any such action); release

24           Collateral in its possession to Debtor, temporarily or otherwise; take control of

25           funds generated by the Collateral and use same to reduce any part of the Obligation;
            weive any of its rights hereunder without such waiver prohibiting the later exercise
            of the same or similar rights; revoke any permission or waiver previously granted by
            Debtor.

1    (see Exhibit "B"),

2    10.   Pursuant to Section 6(b) of the Security Agreement:

3          If an event of default occurs, the entire Obligation shall become immediately due
4          and payable at Secured Party's option without notice to Debtor, and Secured Party
             may proceed to enforce payment of same and exercise any and all of the rights and
5          remedies available to a secured party under the Uniform Commercial Code as well
             as all other rights and remedies. If Debtor is in default, Debtor, upon demand of
6          Secured Party, shall assemble the Collateral and make it available to Secured Party
7          at a place reasonably convenient to both parties. Debtor is entitled to any surplus
             and shall be liable to Secured Party for any deficiency.
8
9    (see Exhibit "B").

10   11.   Pursuant to Section 7 of the Security Agreement, Plaintiffs were granted by Defendant a

11         first and prior lien to secure the payment of the Note. (see Exhibit "B").

12   12.   From the date of its execution to present date and despite repeated demands by Plaintiffs

13         for payment, the Defendant has made no payment of principal or interest on the Note to

14         Plaintiffs.

15
16   13.   From the date of its execution to present date, the Defendant has not fully complied with

17         the terms of the Security Agreement.

18   14.   The Plaintiffs have performed all necessary conditions precedent to the commencement of

19         the instant action.

20                          COUNT I: BREACH OF PROMISSORY NOTE

21   15.   Come now the Plaintiffs and reallege and reaffirm all allegations contained in paragraphs

22         one (1) through fourteen (14) above as if fully set forth herein.
23
24   16.   Under the terms of the Note, the Defendant was to have paid $85,000.00 to Plaintiffs on or

25         before June 14, 2009, which said Defendant has failed, refused and neglected to do despite

           repeated requests by Plaintiffs.

Complaint and Demand for Jury Trial                                                            3

17. As a proximate consequence of the aforesaid default, Plaintiffs exercise their option to bring this action for judgment against the Defendant and for the collection of the entire amount due Plaintiffs.

18. Under the terms of the Note, Plaintiffs are entitled to recover reasonable attorney's fees, costs and expenses of the suit and other costs arising out of the instant proceeding.

19. As a proximate consequence of Defendant's default on the Note, Plaintiffs have sustained direct and consequential damages all to their great damage and have found it necessary to retain the services of Terence P. Perry, Esq. of Datsopoulos, MacDonald & Lind, P.C. to prosecute this matter.

WHEREFORE, Plaintiffs, James C. Murray and Allison B. Murray, demand judgment against Defendant, Howard C. Brand, for:

    a. Damages;

    b. Interest;

    c. Costs;

    d. Expenses;

    e. Attorney's fees; and

    f. For such other and further relief as this Honorable Court deems meet and just.

## COUNT II: REQUEST FOR DECLARATORY RELIEF
### §27-8-101, M.C.A.

20. Come now the Plaintiffs and reallege and reaffirm all allegations contained in paragraphs one (1) through nineteen (19) above as if fully set forth herein.

21. Plaintiffs have requested payment of the Note and enforcement of the Security Agreement securing the Note, yet Defendant has failed to make any payment and has failed to comply fully with the terms of the Security Agreement.

22. As a direct result of the breach of the Note and defaults under the terms of the Security Agreement, Plaintiffs have been damaged.

23. As a result of Plaintiffs' efforts to resolve this issue with Defendant, Plaintiffs have suffered damages in the form of costs associated with this action, including or in addition to reasonable attorney's fees,

24. Pursuant to the terms of the Note, Plaintiffs are entitled to collect the expenses of collection and all costs and expenses of the suit, including reasonable attorney's fees.

25. Pursuant to §27-8-101, M.C.A., et. seq., Plaintiffs request that this Honorable Court declare that Defendant has breached the Note and that Plaintiffs are entitled to sell any and all collateral described in the Security Agreement in a commercially reasonable fashion to satisfy the outstanding indebtedness owed to Plaintiffs.

26. Without an award of attorney's fees in this case, Plaintiffs would not be made whole.

27. In addition to a declaratory ruling, Plaintiffs are entitled to further relief, including or in addition to reasonable attorney's fees pursuant to: (a) the equitable power of this Court to make Plaintiffs whole as set forth in §27-8-313, M.C.A. and (b) the mandate that the Uniform Declaratory Judgment Act be liberally construed as set forth in §27-8-102, M.C.A.

WHEREFORE, Plaintiffs, James C. Murray and Allison B. Murray, request the following relief:

   a. A declaration that Defendant has breached the Note;

   b. A declaration that Plaintiffs are entitled to sell any and all collateral described in the Security Agreement in a commercially reasonable fashion to satisfy the outstanding indebtedness owed to Plaintiffs;

   c. An award of attorney's fees; and

   d. For such other and further relief as this Honorable Court deems meet and just.

Complaint and Demand for Jury Trial                                                    5

1

## JURY DEMAND

2    The Plaintiffs, James C. Murray and Allison B. Murray, demand a trial by jury on all

3    issues to triable.

4

5    DATED this _____ day of December, 2009.

6

7                                      DATSOPOULOS, MacDONALD & LIND, P.C.
                                     Attorneys for Plaintiffs

8

9                                       By: _____

10                                           Terance P. Perry, Esq.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Complaint and Demand for Jury Trial                                               6

Quentin M. Rhoades
State Bar No. 3969
SULLIVAN, TABARACCI & RHOADES, P.C.
1821 South Avenue West, Third Floor
Missoula, Montana 59801
Telephone: (406) 721-9700
Fax: (406) 721-5838
qmr@montanalawyer.com

*Pro Defendente*

## MONTANA TWENTY FIRST JUDICIAL DISTRICT COURT, RAVALLI COUNTY

| | |
|---|---|
| **ALLISON B. MURRAY AND JAMES C. MURRY,** | Dept. No. **1**<br>Cause No. **DV-09-691** |
| PlaintiffS,<br><br>vs. | ***MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION*** |
| **HOWARD C. BRAND, JR.,** | |
| Defendant. | |

## *MOTION*

Defendant Howard C. Brand, Jr. hereby requests, pursuant to Mont.

Code Ann. §§ 27-19-314 through 27-19-318, that the Court enter a

temporary restraining order ("TRO") and preliminary injunction

immediately enjoining Plaintiffs and each of them, their agents,

representatives and employees, from initiating any proceeding or

otherwise causing the sale, transfer, or disposal of the Collateral subject to

the Security Agreement between the parties dated March 16, 2009.

Defendant also requests that the Court issue an Order requiring Plaintiffs

to appear and show cause why a preliminary injunction should not be

granted.

In support of this application, Defendant submits the following brief.

## *BRIEF*

## **ISSUE**

Plaintiff will suffer immediate and irreparable injury, loss or damage

before Defendants can be heard in opposition because Defendants have

given notice of intent dispose of personal property owned by Plaintiff,

which is not reasonably replaceable, on December 26, 2009.

## **STATEMENT OF FACTS**

All of the facts set forth below are drawn from and substantiated by

the Declaration of Defendant Howard C. Brand, Jr. which is attached to

this brief as Exhibit 1.

    1.    Plaintiff Howard C. Brand, Jr. (hereinafter "Plaintiff") is an

individual citizen of in Ketchikan Borough, Alaska.

    2.     Defendants Allison B. Murray and James C. Murray (hereinafter "Defendants") are individuals and citizens of Ravalli County, Montana.

    5.     On or about March 16, 2009, Plaintiff executed a Promissory Note (hereafter "Note") in the amount of Eighty-Five Thousand and 00/100 Dollars ($85,000.00) naming Defendants as payee.

    6.     On or about the time the Note was signed, Defendants provided to Plaintiff, an amount of Seventy Thousand and 00/100 Dollars ($70,000.00).

    7.     The Note included a provision that in the event a suit is brought to collect on the Note, Plaintiff would be liable to pay the expenses of collection and all costs and expenses of the suit, including reasonable attorney fees.

    8.     The Note provided a nominal interest rate of thirteen percent (13%) per annum, compounded monthly, for all "past due" sums.

    9.     The obligations set forth in the Note were secured by a Security Agreement (hereafter "Agreement").

    10.    Pursuant to the Agreement, Plaintiff granted to Defendants a

3

security interest in certain collateral comprised of personal property rightfully belonging to Plaintiff.

11.    The personal property named as collateral by the Agreement included eight motor vehicles (hereafter "the Collateral") belonging to Plaintiff, many of them valuable classics.

12.    At the time the Note was signed, the Collateral was located in the barn at Plaintiff's property at 270 Wilcox Lane, Corvallis, Montana, 59828.

13.    On or around September or October of 2009, Plaintiff received a verbal request for repayment on the Note in the amount of $85,000.00.

14.    On or around October or November of 2009, Plaintiff discovered that Defendants had entered the barn located at Plaintiff's property, without permission, and removed the Collateral.

15.    Shortly thereafter, Plaintiff was advised that Defendants had transferred title of the Collateral to Defendants' names without the knowledge or consent of Plaintiff.

16.    On or around November 25, 2009, Defendants demanded that Plaintiff received correspondence from an attorney on behalf of Defendants

4

demanding payment in the amount of One Hundred, Twenty-Five Thousand and 00/100 dollars ($125,000.00) for payment – in full – on the Note.  Since that time, Defendants have demanded *per diem* interest of Forty-Four Dollars and 52/1000 Cents ($44.52).

17.   On or around December 15, 2009, Defendants provided to Plaintiff, a Notification of Plan to Sell Property, advising Plaintiff that the Collateral was to be sold at a private sale sometime on or after **December 26, 2009** (See "Notification" attached hereto as Exhibit 3).

18.   As of the date of the date of this Motion, Plaintiff is in the process of securing funds sufficient to make payment on the demand made by Defendants.

19.   If the sale of the Collateral is not enjoined, Plaintiff will suffer irreparable injury or damage because the many of the motor vehicles at issue are rare antiques which cannot be readily replaced.  Moreover, some of them have sentimental value which can never be replaced.  In addition, the collection itself took Plaintiff years to amass.  It is highly unlikely that Plaintiff, who is now 81 years old, he will have a second opportunity to create such a collection.

5

## DISCUSSION

## 1. Plaintiff's request for injunctive relief is warranted under Mont. Code Ann. § 27-19-201.

Pursuant to Mont. Code Ann. § 27-19-201, Plaintiffs should be

enjoined from initiating any proceeding or otherwise causing the sale,

transfer, or disposal of the Collateral subject to the Security Agreement

between the parties dated March 16, 2009.  A preliminary injunction is

properly granted:

> (1)    When it appears that the applicant is entitled to the relief demanded and the relief or any part of the relief consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually;
>
> (2)    When it appears that the commission or continuance of some act during the litigation would produce a great or irreparable injury to the applicant;
>
> (3)    When it appears during the litigation that the adverse party is doing or threatens or is about to do or is procuring or suffering to be done some act in violation of the applicant's rights, respecting the subject of the action, and tending to render the judgment ineffectual;
>
> (4)    When it appears that the adverse party, during the pendency of the action, threatens or is about to remove or to dispose of the adverse party's property with intent to defraud the applicant, an injunction order may be granted to restrain the removal or disposition;

6

(5)    When it appears that the applicant has applied for an
order under the provisions of 40-4-121 or an order of
protection under Title 40, Chapter 15. Mont. Code Ann. §
27-19-201.

In interpreting Mont. Code Ann. § 27-19-201, the Montana Supreme

Court has held, "The subsections are disjunctive, meaning that findings

that satisfy one subsection are sufficient. All five subsections need not be

satisfied for an injunction to issue." *Stark v. Borner* (1987) 226 Mont. 356,

359-360, 735 P.2d 314, 317. Thus, a preliminary injunction may be issued

if even one subsection of § 27-19-201 can be satisfied. *Sweet Grass*

*Farms, Ltd. v. Board of County Com'rs of Sweet Grass County*, 2000 MT

147, ¶ 27, 300 Mont. 66, 2 P.3d 825.

Under the facts of this case, Defendant satisfies subsections (2), (3),

and (4) of Section 27-19-201.

First, Defendant satisfies Mont. Code Ann. § 27-19-201(2) because

he will suffer irreparable injury if Plaintiff is allowed to sell, transfer, or

disposal of the Collateral. As stated above, the Collateral in this matter

includes rare antiques vehicles, collected by Plaintiff over many years of his

life, which cannot be readily replaced. This satisfies the criteria of Mont.

Code Ann. § 27-19-201(2).

7

Second, Defendant satisfies Mont. Code Ann. § 27-19-201(3)
because during the litigation Plaintiff intends to sell the Collateral in
violation of Defendant's rights, which, if accomplished, will render any
judgment ineffectual. Prior to filing their Complaint in this matter, Plaintiffs
advised Defendants of an intent to sell on or sometime after December 26,
2009. Should such a sale occur, any judgment in this matter would be
ineffectual.

Third, Defendant satisfies Mont. Code Ann. § 27-19-201(4) because
the Plaintiffs have threatened to or are about to dispose of Defendant's
property with intent to defraud Defendant.

## 2.   Defendant's request for a TRO is warranted under Mont. Code Ann. § 27-19-314 through 316.

Montana law authorizes the court to temporarily restrain Plaintiffs
prior to the show cause hearing on the injunction request. Mont. Code
Ann. § 27-19-314. Such a TRO may be issued without notice to the
adverse party only if it clearly appears that delay would cause immediate
and irreparable injury before the adverse party could be heard in
opposition, and the applicant certifies to the court the efforts that have

8

been made to notify the adverse party. Mont. Code Ann. § 27-19-315.

In this case, Defendant has been advised of Plaintiffs intent to sell the Collateral on or shortly after December 26, 2009. The declaration of Defendant demonstrates that further delay will cause immediate and irreparable injury to Defendant. This satisfies the first requirement for a TRO to be issued without notice.

At or around 7:30 p.m. on December 23, 2009, counsel for Defendant first received notification that Plaintiffs had filed a complaint in this matter. Leading up to Plaintiffs' Complaint, counsel for Defendant had been diligently working to resolve this matter without the necessity of litigation. Counsel for Defendant has made several attempts to request some guidance from either counsel for Plaintiff and former counsel for Plaintiff, but due to the holidays, no one has been available. (See Exhibit 2, attached.) As of the filing of this application no response has been received from Plaintiffs nor their counsel.

This satisfies the second requirement for issuance of a TRO without notice to the adverse party.

9

## CONCLUSION

A TRO and preliminary injunction should be issued against Plaintiffs

as set forth above. A proposed order is submitted with this application

and brief.

DATED this _____ day of December, 2009.

SULLIVAN, TABARACCI & RHOADES, P.C.

By: _____
Quentin M. Rhoades
*Pro Defendente*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of December, 2009, I served
upon the following a true and correct copy of the foregoing by depositing
said copy in the U.S. mail, postage prepaid, and addressed as follows:

Terance P. Perry, Esq.
DML
201 West Main Street, Ste. 201
Missoula, Montana 59802

_____
Legal Assistant to Quentin M. Rhoades

10

### DECLARATION OF HOWARD BRAND

1.   I, Howard C. Brand, Jr., am an individual citizen of Ketchikan Borough, Alaska.

2.   Defendants Allison B. Murray and James C. Murray (hereinafter "Defendants") are individuals and citizens of Ravalli County, Montana.

3.   On or about March 16, 2009, I executed a Promissory Note (hereafter "Note") in the amount of Eighty-Five Thousand and 00/100 Dollars ($85,000.00) naming Defendants as payee.

4.   On or about the time the Note was signed, Defendants provided to me an amount of Seventy Thousand and 00/100 Dollars ($70,000.00).

5.   The Note included a provision that in the event a suit is brought to collect on the Note, I would be liable to pay the expenses of collection and all costs and expenses of the suit, including reasonable attorney fees.

6.   The Note provided nominal interest rate of thirteen percent (13%) per annum, compounded monthly, for all "past due" sums.

7.   The obligations set forth in the Note were secured by a Security Agreement (hereafter "Agreement").

8.   Pursuant to the Agreement, I granted to Defendants a security interest in certain collateral comprised of personal property rightfully belonging to me.

9.   The personal property named as collateral by the Agreement includes seven motor vehicles (hereafter "the Collateral") belonging to me, many of them valuable classics.

10.   The Collateral has an estimated combined value of approximately Two Hundred Twenty Five Thousand Five Hundred and 00/100 Dollars ($225,500.00) broken down as follows:



EXHIBIT

12/23/2009   20:43   SULLIVAN#ISS ATTY + 12534141179   NO.427   P03

| Make | Year - Model | Estimated Value |
|---|---|---|
| Jaguar | 1968 - XKE Coup | $30,000.00 |
| Cadillac | 2008 - Deville | $22,500.00 |
| Ferrari | 1962 - Coup | $125,000.00 |
| Jaguar | 1997 - XK8 | $10,000.00 |
| Chevy | 2000 - Pickup | $5,000.00 |
| Chevy | 2002 - Pickup | $8,000.00 |
| Ford | 1936 - Phaeton | $25,000.00 |
| **TOTAL:** | | **$225,500.00** |

11.   At the time the Note was signed, the Collateral was located in the barn at my property at 270 Wilcox Lane, Corvallis, Montana, 59828.

12.   On or around September or October of 2009, I received a verbal request for repayment on the Note in the amount of $85,000.00.

13.   On or around October or November of 2009, I discovered that Defendants had entered the barn located at my property, without permission, and removed the Collateral.

14.   Shortly thereafter, I was advised that Defendants had transferred title of the Collateral to Defendants' names without my knowledge or consent.

15.   On or around November 25, 2009, Defendants demanded that I receive correspondence from an attorney on behalf of Defendants demanding payment in the amount of One Hundred, Twenty-Five Thousand and 00/100 dollars ($125,000.00) for payment -- in full -- on the Note.

16.   Since that time, Defendants have demanded *per diem* interest of Forty-Four Dollars and 52/1000 Cents ($44.52).

2

17.   As of the date of the Complaint, I am in the process of securing funds sufficient to make payment on the demand made by Defendants.

18.   On or around December 15, 2009, Defendants provided to me, a Notification of Plan to Sell Property, advising me that the Collateral was to be sold at a private sale sometime on or after **December 26, 2009**.

19.   If the threatened sale of the Collateral is not enjoined, I will suffer irreparable injury or damage because many of the motor vehicles at issue are rare antiques which cannot be readily replaced.   Moreover, some of them have sentimental value which can never be replaced.   In addition, the collection itself took me years to amass.   It is highly unlikely that I, who am now 81 years old, will have a second opportunity to create such a collection.

I, Howard C. Brand, Jr., declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of December, 2009 by:


Howard C. Brand, Jr.

3

## Quentin Rhoades

| From: | Quentin Rhoades |
|---|---|
| Sent: | Thursday, December 24, 2009 11:48 AM |
| To: | 'Howard Recht' |
| Cc: | Chris Fagan; 'tperry@dmllaw.com'; 'CPilgrim@dmllaw.com'; 'dlind@dmllaw.com' |
| Subject: | FW: Mr. Brand |

**Importance:** High

Hi Mr. Recht,

Mr. Terrance Perry, Esq., filed a lawsuit against our client on Wednesday, faxed it to us last night at close of business, and then immediately absconded the jurisdiction. We attempted to contact him, to no avail. I am certain he is receiving emails, even if he is not responded to them.

Second, regardless of his interesting tactics, we of course happily direct all future correspondence in this matter to Mr. Perry if he decides to return to his office. In light of the threat issued by you on behalf of the Murrays to dispose of the collateral on December 26, 2009, however, we have no choice but to solicit you for an answer as to whether the vehicles will be sold before we get an opportunity to talk to Mr. Perry about this matter or receive some guidance from the court. A simple yes they will sell the vehicles before next week, or no they will not, will suffice. Should you fail to give us an immediate answer, we will have no choice but to file this afternoon for a TRO.

Please advise.

Happy Holidays!

Quentin M. Rhoades



V:406.721.9700
www.montanalawyer.com <<http://www.montanalawyer.com/>>
NOTICE : This confidential communication is protected by the U.S. Privacy in Communications Act, 18 U.S.C. Sec 2510 et. seq.

---

**From:** Chris Fagan
**Sent:** Thursday, December 24, 2009 11:18
**To:** Quentin Rhoades
**Subject:** FW: Mr. Brand

See below. Should I follow up with an email. He obviously won't return our calls.

## Chris Fagan

Sullivan, Tabaracci & Rhoades, P.C.
1821 South Avenue West
Third Floor
Missoula, MT 59801



12/24/2009

Phone:  406-721-9700
Fax:  406-721-5838

fagan@montanalawyer.com
www.montanalawyer.com

*CONFIDENTIALITY NOTICE: The contents of this communication are confidential and subject to attorney/client privilege.  If the reader is not the intended recipient or its agent, be advised that any dissemination, distribution or copying of the contents of this communication is prohibited.  If you have received this communication in error, please notify the sender immediately and destroy all copies (electronic or otherwise) of this communication, which you have received*

**From:** Howard Recht [mailto:howard@rechtfirm.com]
**Sent:** Thursday, December 24, 2009 11:12 AM
**To:** Chris Fagan
**Cc:** Ali & Jim Murray
**Subject:** Mr. Brand

Please direct all further inquiries into this matter to Terance Perry (728-0810).  He will handle this matter from this time forth.

Howard F. Recht

12/24/2009

NOTIFICATION OF PLAN TO SELL PROPERTY

Howard C. Brand, Jr.
285 Wilcox Lane
Corvallis, MT 59828



Subject: Promissory Note to James C. Murray and Allison B. Murray dated March 16, 2009, Security Agreement of the sate date, and Subsequent Agreements.

James C. and Allison B. Murray have the collateral described in Exhibit A attached hereto, and are in possession of the collateral because you are in breach.

James C. and Allison B. Murray will sell the collateral at private sale sometime after December 26, 2009. The proceeds derived from the sale (after paying costs) will reduce the amount you owe. If they get less money than you owe, you will owe the difference. If they get more money than you owe, you will get the extra money, unless they must pay it to someone else.

You can get the collateral back at any time before sale by paying them the full amount you owe (not just the past-due payments), including their expenses. To learn the exact amount you must pay, call their legal counsel at 406-363-1040.

If you want them to explain to you in writing how they have figured the amount that you owe, you may call their legal counsel at 406-363-1040 or write to their legal counsel and request a written explanation.

If you need more information about the sale call their legal counsel at 406-363-1040 or write to their legal counsel at:

    Recht & Recht, P.C.
    P.O. Box 727
    Hamilton, MT 59840

This notice is being addressed to the following other people who have an interest in the collateral or who owe money under your agreement:

    None.

Dated this 15th day of December, 2009.

Recht & Recht, P.C.

Howard F. Recht



EXHIBIT A

| Make | Model | Year | VIN |
|---|---|---|---|
| Jaguar | XKE Coup | 1968 | 1E35410 |
| Cadillac | Deville | 2008 | 1G6KD57Y48U140470 |
| Ferrari | Coup | 1962 | 250GTE2969 |
| Jaguar | | 1997 | SAJGX2747VC007372 |
| Chevy | Pickup | 2000 | 1GCEC14V8YB260119 |
| | | | |
| Chevy | Pickup | 2002 | 1GCEK19V42B261917 |
| Ford | | 1936 | 865398 |

Recht & Recht, PC
P.O. Box 727
Hamilton, MT  59840

Howard C. Brand Jr.
270 Wilcox Ln.
Corvallis, MT  59828

Hon. Jeffrey H. Langton
District Court Judge
Montana 21st Judicial District
205 Bedford Street, Ste A
Hamilton, Montana 59840
(406) 375-6784

MONTANA TWENTY FIRST JUDICIAL DISTRICT COURT, RAVALLI COUNTY

| | |
|---|---|
| **ALLISON B. MURRAY AND JAMES C. MURRY,** | Dept. No. **1**<br>Cause No. **DV-09-691** |
| PlaintiffS,<br><br>vs. | ***TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE*** |
| **HOWARD C. BRAND, JR.,** | |
| Defendant. | |

Upon Defendant's Application for TRO and Injunction, the Court finds

that a TRO should be issued without notice to Plaintiffs Allison B. and

James C. Murray under MONT. CODE ANN. §§ 27-19-314–316. There is risk

of immediate and irreparable injury to Defendant. Accordingly it IS

Case 9:10-cv-00001-DWM Document 1-1 Filed 01/05/10 Page 27 of 33

HEREBY ORDERED:

1.   The application for TRO is GRANTED. As of December ____,

2009, at ____ o'clock ___.m., Plaintiffs are, pending further hearing,

enjoined from initiating any proceeding or otherwise causing the sale,

transfer, or disposal of the Collateral that is the subject of the Security

Agreement between the parties dated March 16, 2009;

2.   This Order shall be immediately filed in the clerk's office and

entered in the record; and

3.   The parties shall appear before this Court on the ____ day of

_____, 20___, at _____ o'clock, ___. m., Missoula

County Courthouse, Courtroom No. ___, then and there to show cause

why Defendant's Application for Preliminary Injunction should not be

granted.

SO ORDERED this ___ day of December, 2009.

_____
Hon. Jeffrey H. Langton
District Court Judge

CC:   Counsel Rhoades
      Counsel PerryDecember 24, 2009

2

1 **Terance P. Perry, Esq.**
 **Phil McCreedy, Esq.**
2 DATSOPOULOS, MacDONALD & LIND, P.C.
 201 West Main Street, Suite 201
3 Missoula, Montana 59802
 Phone: (406) 728-0810
4 Fax: (406) 543-0134

R[ ]

DEC 2 9 2009

Sullivan       Bucci

5

6 Attorneys for Plaintiffs

7

8

9  MONTANA TWENTY-FIRST JUDICIAL DISTRICT COURT, RAVALLI COUNTY

| | |
|---|---|
| 10 JAMES C. MURRAY and ALLISON B. MURRAY, husband and wife; | Cause No. DV-09-691<br>Dept. No. 1 |
| 11   Plaintiffs, | |
| 12 vs. | NOTICE OF APPEARANCE |
| 13 HOWARD C. BRAND, JR.; | |
| 14   Defendant. | |

15

16 To the Clerk of the Ravalli County District Court:

17   NOTICE IS HEREBY GIVEN that the undersigned, Phil McCreedy, of the firm of

18 Datsopoulos, MacDonald & Lind, P.C., has also been retained to represent the above-named

19 Plaintiffs, James C. Murray and Allison B. Murray, in the above matter and hereby request that

20 he be entered as an attorney of record along with Terance P. Perry.

21   DATED this 28th day of December, 2009.

22

23      DATSOPOULOS, MacDONALD & LIND, P.C.
       Attorneys for Plaintiffs

24

25      By: _____
        Phil McCreedy, Esq.

Notice of Appearance                1

1

## CERTIFICATE OF SERVICE

2       The undersigned, an employee of Datsopoulos, MacDonald & Lind, P.C., hereby certifies

3   that a true and correct copy of the foregoing was served via facsimile and First Class U.S. Mail,

4   postage prepaid, this 28 day of December, 2009, to:

5       Quentin M. Rhoades, Esq.
        Christopher V. Fagan, Esq.
6       Sullivan, Tabaracci & Rhoades, P.C.
        1821 South Avenue West, Third Floor
7       Missoula, Montana 59801
        Fax: (406) 721-5838
8       *Counsel for Defendant*

9

10

11                          By: _____

12                              Celia Pilgrim, Paralegal to
                                Phil McCreedy, Esq.
13

14

15

16

17

18

19

20

21

22

23

24

25

Notice of Appearance                                                2

1   Terance P. Perry, Esq.
2   Phil McCreedy, Esq.
    DATSOPOULOS, MacDONALD & LIND, P.C.
3   201 West Main Street, Suite 201
    Missoula, Montana 59802
4   Phone: (406) 728-0810
    Fax: (406) 543-0134
5
6   Attorneys for Plaintiffs



DEC 2 9 2009

Sullivan,
& ...

7

8        MONTANA TWENTY-FIRST JUDICIAL DISTRICT COURT, RAVALLI COUNTY

9   JAMES C. MURRAY and ALLISON B.          Cause No. DV-09-691
    MURRAY, husband and wife;               Dept. No. 1
10
11          Plaintiffs,
12   vs.                                    PLAINTIFFS' RESPONSE IN LIMITED
                                            OPPOSITION TO MOTION FOR
13   HOWARD C. BRAND, JR.;                  TEMPORARY RESTRAINING ORDER
                                            AND PRELIMINARY INJUNCTION
14          Defendant.

15   COME NOW the Plaintiffs, James C. Murray and Allison B. Murray, by and through their
16   counsel of record, Datsopoulos, MacDonald & Lind, P.C., and respond to Defendant's Motion
17   for Temporary Restraining Order and Preliminary Injunction.
18        In light of the relief sought in the Complaint filed on December 23, 2009, neither a
19   temporary restraining order nor a preliminary injunction is necessary or warranted in this case. In
20   addition to damages for breach of promise, the Plaintiffs' seek a declaration that they are entitled
21   to sell the collateral if payment is not made in full on the Note, including accrued interest, costs,
22   and attorney's fees. By requesting this relief it should be clear that Plaintiffs do not intend to sell
23   the collateral prior to the Court's ruling on the requested declaration. Accordingly, none of the
24   provisions of §27-19-201, M.C.A., cited by the Defendant as a basis for a preliminary injunction
25   are applicable.

Plaintiffs' Response in Limited Opposition to Motion for
Temporary Restraining Order and Preliminary Injunction                                         1

§27-19-201(2), M.C.A. - dealing with irreparable harm from the commission of some act during the pendency of litigation - does not apply because the Plaintiffs are clearly seeking a declaration of their right to sell the collateral if payment is not made.  Because any sale will occur after the Court's declaration – there is no "act during the litigation" that would produce a great or irreparable injury.  §27-19-201(3), M.C.A., does not apply because the Plaintiffs are not "doing or threaten[ing] ...some act in violation of the applicant's rights."  Rather, they are seeking a declaration of those rights before they act.  §27-19-201(4), M.C.A. – dealing with fraudulent intent - does not apply for the simple reason that Plaintiffs are seeking court-ordered relief.  As a consequence, there is no evidence to support the Defendant's claim that Plaintiffs are attempting to dispose of property "with intent to defraud the applicant...."

For the reasons set forth above, and because imposition of a temporary restraining order and cause hearing will only add to the cost of this litigation, Plaintiffs ask that the Defendants motion be denied.

DATED this 28 day of December, 2009.

DATSOPOULOS, MacDONALD & LIND, P.C.
Attorneys for Plaintiffs

By: _____
Phil McCreedy, Esq.

1

## CERTIFICATE OF SERVICE

2      The undersigned, an employee of Datsopoulos, MacDonald & Lind, P.C., hereby certifies

3   that a true and correct copy of the foregoing was served via facsimile and First Class U.S. Mail,

4   postage prepaid, this 28th day of December, 2009, to:

5      Quentin M. Rhoades, Esq.
       Christopher V. Fagan, Esq.
6      Sullivan, Taberacci & Rhoades, P.C.
       1821 South Avenue West, Third Floor
7      Missoula, Montana 59801
       Fax: (406) 721-5838
8      *Counsel for Defendant*

9

10

11                                  By: _____

12                                      Celia Pilgrim, Paralegal to
                                        Phil McCreedy, Esq.
13

14

15

16

17

18

19

20

21

22

23

24

25

Plaintiffs' Response in Limited Opposition to Motion for
Temporary Restraining Order and Preliminary Injunction                              3

%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

JAMES C. MURRAY and ALLISON B. MURRAY, husband and wife

## DEFENDANTS

HOWARD C. BRAND, JR.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

RAVALLI COUNTY, MONTANA

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

KETCHIKAN BOROUGH, ALASKA

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Quentin M. Rhoades & Christopher V. Fagan, Sullivan, Tabaracci &
Rhoades, P.C., 1821 South Avenue West, 3rd Floor, Missoula

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizures | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | PERSONAL PROPERTY | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:
PROMISSORY NOTE

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
$85,000.00 (+)

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE

DOCKET NUMBER

DATE
01/05/2010

SIGNATURE OF ATTORNEY OF RECORD
Quentin M. Rhoades, Esq.

## FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE