Quentin M. Rhoades
State Bar No. 3969
Christopher V. Fagan
State Bar No. 7383
SULLIVAN, TABARACCI & RHOADES, P.C.
1821 South Avenue West, Third Fl.
Missoula, MT 59801
Telephone:  (406) 721-9700
Facsimile:  (406) 721-5838
qmr@montanalawyer.com

Pro Defendente


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| **JAMES C. MURRAY and ALLISON B. MURRAY, husband and wife,**<br><br>Plaintiffs,<br><br>v.<br><br>**HOWARD C. BRAND, JR.,**<br><br>Defendant. | Montana Twenty First Judicial District Court, Ravalli County Cause No. DV-09-691<br><br>**U.S. District Court Cause No. CV-10-01**<br><br>ANSWER, COUNTERCLAIM AND DEMAND FOR JURY TRIAL |

ANSWER

Defendant Howard C. Brand, Jr. (hereinafter "Defendant"), by and through his counsel of record, and answers the complaint as follows:

1.     Defendant denies ¶¶ 2, 13, 14, 15, and 17 through 27 of the Complaint.

2.     Defendant admits ¶¶ 1, 3 through 7, 9, 10, 12, and 16 of the Complaint.

3.     Defendant states that he does not have specific information sufficient to form a belief as to the truth of the allegations contained in ¶ 8 of the Complaint and therefore denies same.

4.     Defendant states that ¶ 11, sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, Defendant denies same.

5.     Defendant denies all allegations of the Complaint not specifically admitted.

6.     Defendant contends the Complaint fails to state a claim for which relief may be granted.

2

## AFFIRMATIVE DEFENSES

In addition, Defendant contends, based on the admitted allegations of the Complaint, as well as those set forth in Defendant's Counterclaim, that the following affirmative defenses bar the relief sought in the Complaint: duress; estoppel; failure of consideration; fraud; illegality; unclean hands; and waiver.  Discovery has yet to be completed in this case.  Defendant reserves the right to amend his Answer to add, pursuant to FED. R. CIV. P. 15, any additional affirmative defenses at such time as he discovers additional information that would support any of the affirmative defenses.

## COUNTERCLAIM

1.     Defendant, Howard C. Brand, Jr., is an individual residing in Ketchikan Borough, Alaska.

2.     Plaintiffs Allison B. Murray and James C. Murray are individuals residing in Ravalli County, Montana.

3.     The Court has subject matter jurisdiction to adjudicate this Complaint because there exists complete diversity of citizenship between the adverse parties and the amount in controversy exceeds $75,000.00 as

specified under 28 U.S.C. § 1332.

      4.    The material events giving rise to this cause of action took place in Ravalli County, Montana, making venue proper in this District and Division.

      5.    On or about March 16, 2009, Defendant executed a promissory note (hereafter "Note") in the amount of Eighty Five Thousand and 00/100 Dollars ($85,000.00) naming Plaintiffs as payees.

      6.    On or about the time the Note was signed, Defendant provided to Plaintiffs an amount of Seventy Thousand and 00/100 Dollars ($70,000.00).

      7.    The Note included a provision that in the event a suit is brought to collect on the Note, Defendant would be liable to pay the expenses of collection and all costs and expenses of the suit, including reasonable attorney fees.

      8.    The Note provided an interest rate of thirteen percent (13%) per annum, compounded monthly, for all "past due" sums.

      9.    The obligations set forth in the Note were secured by a Security Agreement (hereafter "Agreement").

10.    Pursuant to the Agreement, Defendant granted to Plaintiffs a security interest in certain collateral comprised of personal property rightfully belonging to Defendant.

11.    The personal property named as collateral by the Agreement included eight motor vehicles (hereafter "the Collateral") belonging to Defendant, many of them valuable classics.

12.    At the time the Note was signed, the Collateral was located in the barn at Defendant's property at 270 Wilcox Lane, Corvallis, Montana, 59828.

13.    On or around September or October of 2009, Defendant received an oral request for repayment on the Note in the amount of $85,000.00.

14.    On or around October or November of 2009, Defendant discovered that Plaintiffs had entered the barn located at Defendant's property, without permission, and removed the Collateral.

15.    Shortly thereafter, Defendant learned that Plaintiffs had transferred title to the Collateral to Plaintiffs' names without the knowledge or consent of Defendant.

16.    On or around November 25, 2009, Defendant received correspondence from Plaintiffs' attorney demanding payment in the amount of One Hundred Twenty Five Thousand and Dollars and 00/100 ($125,000.00) for payment in full on the Note.  Since that time Plaintiffs have demand per diem interest of Forty-Four Dollars and 521/1000 Cents ($44.521).

17.    As of this date, Defendant is in the process of securing funds sufficient to make payment on the demand made by Plaintiffs.

18.    On or around December 15, 2009, Plaintiffs provided to Defendant a Notification of Plan to Sell Property, advising Defendant that the Collateral was to be sold at a private sale sometime on or after December 26, 2009.

## COUNT ONE

## (Usury)

19.    Defendant restates the foregoing allegations.

20.    The interest charged by Plaintiffs under the Note, and/or the amount agreed to be paid on the Note, exceeds that allowed by MONT. CODE ANN. § 31-1-107.

6

21.    Plaintiffs' charging of usurious interest results in the forfeiture of a sum double the interest charged pursuant to MONT. CODE ANN. § 31-1-108 (2009).  In this case, the amount of interest charged, as of today, equals $55,000.00 ($125,000.00 demanded as of November 25, 2009, less the $70,000.00 principal sum of the loan disbursement), plus $44.521 per diem since November 25, 2009.

22.    The sum due under the Note at a non-usurious interest rate of 15% would be less than $80,000.00.  Since, by charging more than $55,000.00 in usurious interest, Plaintiffs have forfeited a sum of more than $110,000.00, Plaintiffs owe Defendant at least $30,000.00.

## COUNT TWO

## (Conversion)

23.    Defendant restates the foregoing allegations.

24.    Plaintiffs have no right, title or interest in the Collateral because of the usury penalty with which Defendant is allowed off-set the Note.

25.    Defendant has the right to both title and immediate possession of the Collateral.

26.    Plaintiffs' taking of dominion, possession and title to the Collateral has been unauthorized and has resulted in damages to Defendant in the sum of the value of the Collateral, which is more than $225,000.00.  Plaintiffs' conversion of the Collateral has also caused damages by making it impossible for a trucking company in which Defendant owns a substantial interest to obtain operating capital causing damages in a sum to be proven at trial.

## REQUEST FOR RELIEF

27.    Defendant requests the Court enter judgment in his favor and against Plaintiffs for a usury penalty, and for damages caused by Plaintiffs' conversion of the Collateral.

28.    Defendant requests issuance of a preliminary injunction restraining Plaintiffs and each of them, their agents, representatives and employees, from initiating any proceeding or otherwise causing the sale, transfer, or disposal of the Collateral.

29.    Defendant also prays pending the hearing, a temporary restraining order issue restraining Plaintiffs, and each of them, their agents, representatives and employees, from initiating any proceeding or

otherwise causing the sale, transfer, or disposal of the Collateral.

30.    Defendant further requests:

A.    A penalty double the same of interest charged by Plaintiffs

under the Note;

B.    Actual damages for conversion in an amount to be proven at

trial;

C.    Punitive and exemplary damages against Plaintiffs for their

malicious conduct;

D.    Court costs and reasonable attorney fees; and

E.    Such other relief as the Court deems reasonable.

Dated this 12th day of January, 2010.

Respectfully Submitted,
SULLIVAN, TABARACCI & RHOADES, P.C.


By:   /s/ Quentin M. Rhoades
Quentin M. Rhoades
Christopher V. Fagan
Pro Defendente

## JURY DEMAND

Trial by jury is demanded on all counts so triable.

Dated this 12th day of January, 2010.

Respectfully Submitted,
SULLIVAN, TABARACCI & RHOADES, P.C.


By:___/s/ Quentin M. Rhoades_____
        Quentin M. Rhoades
        Christopher V. Fagan
        Pro Defendente

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of January, 2010, I served a true and correct copy of the foregoing on the following persons by the following means:

|         |                             |
|---------|-----------------------------|
| _____   | CM/ECF                      |
| _____   | Hand Delivery               |
| __1__   | Mail                        |
| _____   | Overnight Delivery Service  |
| _____   | Fax                         |
| _____   | E-Mail                      |

1.       Terance P. Perry, Esq.
         Phil McCreedy, Esq.
         DATSOPOULOS, MACDONALD & LIND, P.C.
         Central Square Building
         201 West Main Street
         Suite 201
         Missoula, Montana  59802


                      By:__/s/ Quentin M. Rhoades_____
                           Quentin M. Rhoades
                           Christopher V. Fagan
                           Pro Defendente

11